## Rotell v. Pennsylvania Department of Transportation

*Bernard Goldstone*, for plaintiffs.

*W. Allen Dill*, for defendant.

STRANAHAN, P. J., May 3, 1971.—This matter has come before the court for a hearing so that the court might determine as a matter of law the various issues that have been raised in this case.

The case has been submitted to the board of view and an appeal has now been taken from the award. The court makes the following findings of fact:

### FINDINGS OF FACT

1. The property involved is owned by plaintiffs and is a corner lot on Route 18 and Colt Road, fronting 264.1 feet on Route 18, and 155 feet deep, making a total of 40,215 square feet. Situate on the lot is a wooden structure presently used as a tavern.

2. The building in which it is located was at one time a residence, later became a grocery store and finally was remodeled into a tavern.

3. The property has been condemned in its entirety by the Pennsylvania Department of Transportation for the purpose of widening Route 18.

4. The condemnees are the owners of a valid liquor license which can be used only in Pymatuning Township, Mercer County, Pa., but is capable of being placed in storage and, therefore, is not forfeited if there is a temporary suspension of operations.

5. The date of condemnation is July 13, 1970.

6. There are various items of property which are in the nature of fixtures and cannot be removed from the premises. Some of these items are of the type normally found in any business or residence, but several of the items are peculiar to the tavern business. These items include a bar and backbar, a three-compartment stainless steel sink, and a walk-in cooler which cannot be removed because of its age. However, it is possible to remove the door and the compressor. There is also a carbonation system which cannot be removed.

7. There are many items in the bar which can be removed, including tables, chairs, barstools, take-out beer cooler, bar, cooler, draft system, under-bar sink, cash register, range, counter, refrigerator, work table, slicer roaster, exhaust fan, etc.

8. The condemnees have been in business about three and a half years and are located in an area adjacent to a public housing development. The business is in the Reynolds Development and certain residential areas. A tavern can be located in Pymatuning Township only in the business-highway service area.

9. The proprietors of the tavern, upon learning of the condemnation, sold the personal property in the tavern, because they had no place to store it and because they were afraid that the property would have been stolen if it remained on the premises for any period of time.

## DISCUSSION

There are certain questions of fact in this case that are in dispute and to which the Commonwealth will not agree. These questions of fact include whether or not the business being operated here is local in nature and whether a relocation would cause a loss of local patronage.

The condemnees are seeking business dislocation damages under section 609 of the Eminent Domain Code of June 22, 1964, Special Sees. P. L. 84, 26 PS §1-609, and have asked the court to rule preliminarily as to whether these damages apply or not.

Since there is a dispute of fact, this court is unable at the present time to resolve that and believes that the question of whether section 609 is applicable should be submitted to the jury who will be in a position to make findings of fact and properly apply the law. The verdict, in turn, can reflect whether or not business dislocation damages were assessed, since the court will instruct the jury that this should be a separate item in the verdict if it is awarded.

## CONCLUSIONS OF LAW

We feel that this court cannot make preliminary disposition of issues if there is a disputed question of fact. Since the Commonwealth contends that the business is not necessarily local in nature and would not be affected by movement of the tavern, and since the burden of proof is on plaintiff to show the elements required by section 609, this court cannot

at this time make disposition of this issue, and, therefore, rules that plaintiffs must produce evidence at the time of trial sufficient to warrant submission of this matter to the jury.

The condemnees also have asked this court to rule preliminarily as to whether the assembled economic unit doctrine is applicable in the present case.

This the court can do, because there is no dispute factually as to what equipment can be removed from the premises and what equipment cannot be removed from the premises, nor is there any dispute as to the fact that the building in which the tavern was located was formerly a residence, later a grocery store and finally a tavern.

The first situation in which the assembled economic unit doctrine is applicable is when such a portion of the economic unit is not removable from the condemned property so that the part which is removable will not constitute a comparable economic unit in a new location. Under these situations, all equipment and fixtures, whether loose or attached which are vital to the economic unit will be considered a part of the realty.

Such is not the case here, for the testimony indicates that only the bar and backbar, the cooler walls and the carbonation system cannot be removed. All other items can be removed, and, therefore, it is obvious that these items could be relocated in another building and the economic unit would remain intact.

The other situation where the assembled economic unit doctrine is applicable is when the business is of such a nature that it requires a unique building for its operation. This situation obviously is not present here, since the building was formerly a grocery store and prior to that a residence. There may have been some

remodeling to convert the premises to a use as a tavern, but we rule that this does not create the unique type of building required to apply the assembled economic unit doctrine.

We, therefore, hold that the assembled economic unit doctrine does not apply here and that the question of whether business dislocation damages as are set forth in section 609 of the Eminent Domain Code apply is a question of fact which will be submitted to the jury at the time of trial.

### ORDER

And now, May 3, 1971, this court rules that the assembled economic unit doctrine is not applicable in the present case and that this court cannot determine whether business dislocation damages as provided in section 609 are applicable as a matter of law because of a dispute of facts.